IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

QUALMARK CORPORATION, and
QUALMARK LING CORPORATION,
Both Colorado corporations,

    Plaintiffs,

v.

DATA PHYSICS CORPORATION, a California corporation,

    Defendant.

---

### COMPLAINT AND JURY DEMAND
---

For its Complaint against Defendant Data Physics Corporation ("DPC"), Plaintiffs QualMark Corporation ("QC") and QualMark Ling Corporation ("QLC"), state and allege:

### I. THE PARTIES AND DISPUTE OVERVIEW

1. QC is a Colorado corporation having a principal place of business at 4580 Florence Street, Denver, Colorado 80238. QC was founded in 1991 as a specialty manufacturer of equipment used to test the reliability, quality, dependability and longevity of devices built by others. QC is now a world leader in designing, manufacturing and marketing such equipment. Information concerning specific products offered by QC can be found on its website located at www.qualmark.com, selected pages of which are attached as Exhibit 1 and which are incorporated herein by reference.

2.	SatCon Power Systems, Inc., a division of SatCon Technology Corporation (NASDAQ: SATC) ("SatCon"), operated a business unit under the name LING Electronics. That business unit sold electronic shaker and related testing equipment under the name LING for several years. QC purchased from SatCon the LING Electronics operating unit in December 2005, being assigned the LING and LING Electronics trademarks and service marks. QC continues to sell electronic shaker and related testing equipment under LING and LING ELECTRONICS nationally and internationally. Information concerning SatCon and acquisition of its LING Electronics business unit by QC can be found on the SatCon website located at www.satcon.com, selected pages of which are attached as Exhibit 2 and which are incorporated by reference.

3.	QLC is a Colorado corporation located at 4580 Florence Street, Denver, Colorado 80238. QLC is a wholly-owned subsidiary of QC formed to facilitate the transfer of SatCon's LING Electronics assets to QC.

4.	DPC is a California corporation having a place of business at 1741 Technology Drive, Suite 260, San Jose, California 95110. DPC sells a variety of products, including equipment used to test the reliability, quality, dependability and longevity of devices built by others. For several years, DPC purchased for resale electronic shaker equipment branded with the name LING and LING ELECTRONICS from SatCon. Upon information and belief, DPC resold that equipment under a distribution agreement it had with SatCon. Upon information and belief, DPC did not acquire any rights in and to the marks LING or LING ELECTRONICS through its relationship with SatCon. DPC nevertheless continues to sell shaker testing and related equipment under the marks LING and LING ELECTRONICS. Information concerning

these products and DPC's sales channels is available on DPC's website located at www.dataphysics.com, several relevant pages of which are attached as Exhibit 3 and incorporated herein.

## II. JURISDICTION AND VENUE

5. The present action includes claims for a declaration of trademark ownership, federal and common law trademark infringement and other related claims. The Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201-2202, and 15 U.S.C. § 1121.

6. DPC does business in and committed tortious acts in this judicial district and thus is subject to personal jurisdiction in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## III. RELEVANT FACTS

8. Upon information and belief, entrepreneur James Ling founded an electronic contracting business in Dallas, Texas in 1947. That business operated under the name Ling Electronic Company.

9. Upon information and belief, Ling Electronic Company purchased United Electronics of Newark, New Jersey and Caledyne Company of Winchester, Massachusetts in about 1958. Upon information and belief, these three companies were subsequently merged to form LING Electronics. Upon information and belief, LING Electronics designed and manufactured vibration test equipment, known in the industry as ED shakers, which were sold to companies throughout the United States and the world.

10. Upon information and belief, LING Electronics merged with Altec, a leading acoustic company, in 1959. The new company was registered in Delaware and operated under the name LING-Altec. Upon information and belief, that company continued to sell ED shakers and developed, manufactured and sold other related equipment all under the name LING and through a division known as LING Electronics.

11. Upon information and belief, LING-Altec merged with Temco and Vought (defense contractors) in about 1960, creating a new company named LTV LING Altec. Apparently, the new company moved to Anaheim, California and continued to manufacture and sell existing products, as well as introduced a variety of new products to industry. Upon information and belief, that company continued to sell ED shakers and related test equipment throughout the United States and the world under the trademark LING through its LING Electronics operating division.

12. Upon information and belief, LTV LING Altec began selling corporate assets in 1972. The LING Electronics assets were then, upon information and belief, specifically assigned to a newly formed company known as Altec Corporation. Altec Corporation did well for more than a decade, but in 1983, filed for Chapter 11 bankruptcy. Upon information and belief, Altec Corporation then sold its LING Electronics division and related assets to Mechanical Technology, Inc. ("MTI").

13. Upon information and belief, MTI continued to operate the LING Electronics division, selling ED shakers and related test equipment to entities located throughout the United States and the world under the trademark LING. MTI sold its LING Electronics operating unit, specifically including its LING trademarks, to SatCon in 1999.

14. Upon information and belief, SatCon continued operating the LING Electronics division, selling ED shakers and related test equipment under the LING trademark for several years.

15. DPC filed with the California Secretary of State an application to incorporate "Ling Electronics Corporation" as a wholly-owned subsidiary on September 23, 2003.

16. Upon information and belief, SatCon entered into a world sales agent and distribution agreement with DPC in October 2003. Upon information and belief, under that agreement SatCon manufactured ED shakers and related testing equipment, providing that equipment to DPC for resale. The agency/distribution agreement between SatCon and DPC ended in October 2005.

17. On December 13, 2005, QLC entered an Asset Purchase Agreement with SatCon. Pursuant to that Agreement, QLC purchased SatCon's LING Electronics operating unit, specifically including the trademarks LING and LING ELECTRONICS and related logos. Shortly thereafter, QC began selling ED shakers and related test equipment under the marks LING and LING ELECTRONICS and with the approval of QLC. QC has continued to sell such products under these marks ever since.

18. QC filed for and was granted a California trademark registration for the mark LING ELECTRONICS to be used on or in connection with ED shakers and amplifiers for testing electronics and electromechanical devices. The Registration was issued in March of 2006 and remains valid and enforceable until March 2016. A copy of that Registration is attached as Exhibit 4 and is incorporated by reference.

19.     QLC filed an application to register LING for electrical and scientific apparatus, namely, a vibration table and control apparatus for use in testing industrial, electronic and electromechanical components and part, ED shakers and amplifiers, vibration and environmental test equipment and components and parts therefor with the United States Patent and Trademark Office ("USPTO") on March 14, 2006.  A copy of that application is attached as Exhibit 5 and is incorporated by reference.  The application was subsequently allowed by the USPTO and published for opposition.  DPC filed several Notices for Extension of Time to Oppose.  Copies of these Notices are attached as Exhibit 6 and are incorporated by reference.

20.     Counsel for Plaintiffs subsequently contacted counsel for DPC by letter dated August 29, 2007, a copy of which is attached as Exhibit 7 and which is incorporated by reference.  In that letter, Plaintiffs relevantly stated:

> QualMark and its predecessors-in-interest have claimed the trademarks LING and LING ELECTRONICS, in addition to stylized versions of these marks, (collectively, the "LING trademarks"), and used them in conjunction with the sale of their shaker products since the 1940s.  QualMark has a California registration on the mark LING ELECTRONICS . . . and, as you know, has applied for federal registration of the mark LING. . . . Data Physics' use of these marks, as well as its use of a stylized version of the LING ELECTRONICS mark, also belonging to QualMark, constitutes federal and state trademark infringement under the Lanham Act . . . and under the California Business and Professional Code §§ 14320, *et seq.*
>
> . . . .
>
> As you know, Data Physics formerly distributed LING shakers manufactured by SatCon . . . , QualMark's predecessor-in-interest.  It would appear that when that relationship dissolved, Data Physics continued to use the LING trademarks with shakers of other origins.  These actions deceived customers and took unfair advantage of the previous relationship with SatCon.  It would be hard to conceive of a more nefarious form of trademark infringement.
>
> . . . .
>
> In view of the foregoing, we demand that Data Physics immediately take the following actions:

    1. Publish a retraction in every online or print publication in which Data Physics has used any of the LING trademarks (including but not limited to Data Physics' home page), properly attributing trademark ownership to QualMark.

    2. Notify all customers and potential customers with whom Data Physics has used any of the LING trademarks that such trademarks are owned by QualMark, and that Data Physics does not manufacture or sell LING products.

    3. Refrain from any further representation stating or implying that any LING trademark is owned or may be used by Data Physics Corporation or any person other than QualMark.

    4. Identify and return to QualMark all intellectual property of SatCon and QualMark (including all copies thereof) in the possession of Data Physics, or in the possession of third parties as a result of actions by Data Physics.

    5. Cease the marketing and sale of any products incorporating any intellectual property of SatCon or QualMark.

  21. By letter dated September 9, 2007, a copy of which is attached as Exhibit 8 and which is incorporated by reference, counsel for DPC responded. There, counsel requested specific information concerning Plaintiffs' ownership of the LING and LING ELECTRONICS trademarks and suggested that DPC had the right to use LING on and in connection with ED shakers and related test equipment based upon its filing of Articles of Incorporation for LING Electronics Incorporated.

  22. Plaintiffs responded by letter of October 12, 2007, providing requested information and rebutting positions asserted by DPC. A copy of that letter is attached as Exhibit 9 and is incorporated by reference. Apparently, DPC did not accept Plaintiffs' position, choosing to file a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") of the USPTO, seeking to preclude issuance of QLC's federal trademark application for LING.

23. In its Notice, DPC claimed that it would be damaged by registration of LING on the following grounds:

> Data Physics, since 2003, has owned a subsidiary California corporation named LING Electronics Corporation, [which allegedly] sells and provides services for various different types of vibration testing equipment including shakers [under the name LING].
>
> . . . .
> The term "ling" as applied to shakers or to services for shakers is primarily merely the surname of the founder, i.e., James J. (Jimmy) Ling, of at least one of QualMark's predecessor(s) in interest LING Electronics Company and/or LING Electronics, Inc., and consequently 15 U.S.C. § 1052(e)(4) bars Applicant QualMark's registration of the surname "ling" as a trademark for shakers or service mark for shaker services.
>
> . . . .
> The mark sought to be registered, LING, has lost its significance as an indication of source for the sales of shakers and/or as an indication of source for providing services for shakers due to Applicant QualMark's predecessor(s) in interest failing for many years in the past to:
>
> (a) exercise exclusive rights in the term "ling" standing alone, when applied to shakers and/or services for shakers; and
>
> (b) control the quality of:
>
> (i) shakers being sold by others under trade name(s) which include the term "Ling"; and/or
>
> (ii) shaker repair, maintenance and/or installation services being provided by others under trade name(s) which include the term "Ling"; and/or
>
> (c) on information and belief, oppose use of the term "Ling" in connection with:
>
> (i) the sale of shakers by competitor(s) of Applicant's predecessor(s) in interest; and/or
>
> (ii) providing shaker repair, maintenance and/or installation services by competitor(s) of Applicant's predecessor(s) in interest; and

>therefore, pursuant to 15 U.S.C. § 1127, upon information and belief, Applicant QualMark's predecessor(s) in interest have abandoned exclusive rights in the term, Ling, for the sales of shakers and/or for providing services for shakers.

A copy of the Notice of Opposition is attached as Exhibit 10 and is incorporated by reference.

24. Through years of uninterrupted use of the marks LING and LING ELECTRONICS on or in connection with ED shakers and related testing equipment, Plaintiffs' predecessors-in-interest developed strong common law trademark rights in and to those marks. Indeed, the marks have acquired strong secondary meaning as to source and affiliation for ED shaker and related testing equipment. Further, upon information and belief, Plaintiffs' predecessors-in-interest did practice adequate quality control of products and did police products and services offered under the name LING to maintain protectable rights in and to the mark. Plaintiffs thus own protectable trademark and service mark rights in and to LING and LING ELECTRONICS for use on or in connection with ED shakers and amplifiers, vibration and environmental testing equipment, components and parts therefor and services to be provided to others relating to such equipment.

25. DPC has and continues to use the LING and LING ELECTRONICS trademarks without authorization from Plaintiffs and with knowledge of Plaintiffs' preexisting rights in and to those marks. Upon information and belief, DPC purposely chose to identify itself with Plaintiffs by use of their trademarks to more easily reach Plaintiffs' established customers, to penetrate their market and to otherwise free ride on Plaintiffs' business values and goodwill. DPC's misappropriation and use of Plaintiffs' goodwill and reputation, by unauthorized use of Plaintiffs' trademarks, trade names, etc., was simply to provide DPC with a proven identity and to make the sale of its ED shaker and related test equipment easier.

26. DPC's actions are likely to and have caused actual consumer confusion or mistake and/or have deceived the public as to the source and/or quality of products and services offered under LING and LING ELECTRONICS.

27. DPC's continued unauthorized use of Plaintiffs' trademarks, trade names, etc., will deceive the relevant purchasing public as to the source, origin or affiliation of DPC's products which are being sold under and in connection with Plaintiffs' property. DPC's actions have been motivated exclusively by financial gain, have been taken with full knowledge of Plaintiffs' superior legal rights and/or without regard to the public policy right of consumers to be free from confusion as to the source or origin of products and services. DPC's continued infringing use of Plaintiffs' property evidences a wrongful intent to trade upon Plaintiffs' goodwill and reputation.

28. DPC has been put on notice of its infringing and improper use of Plaintiffs' property as early as August 2007. Despite actual notice, DPC has continued to willfully infringe and impinge upon Plaintiffs' superior rights.

## IV.  FIRST CLAIM FOR RELIEF
**(Declaration of Trademark Ownership)**

29. Plaintiffs incorporate and reallege paragraphs 1-28 as though fully set forth herein.

30. DPC disputes Plaintiffs' ownership of the LING and LING ELECTRONICS trademarks.

31. Plaintiffs request that the Court resolve that trademark ownership dispute by declaring that Plaintiffs are the true and correct owners of the LING and LING ELETRONICS trademarks.

## V.  SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement)

32. Plaintiffs incorporate and reallege paragraphs 1-31 as though fully set forth herein.

33. DPC promoted and sold and continues to promote and sell in interstate commerce ED shaker and related testing equipment under Plaintiffs' LING and LING ELECTRONICS trademarks. In so doing, DPC has falsely described and misrepresented its goods to the consuming public.

34. DPC's actions have created a likelihood of consumer confusion as to the affiliation, connection or association of themselves with Plaintiffs and as to the origin, sponsorship or approval of DPC's goods with or by Plaintiffs.

35. DPC's unauthorized use of Plaintiffs' LING and LING ELECTRONICS trademarks in connection with the marketing and sale of competing ED shakers and related equipment is a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. DPC adopted and continues to use Plaintiffs' LING and LING ELECTRONICS trademark with full knowledge of Plaintiffs' superior rights, but without their authorization. DPC's tortious acts constitute willful and deliberate trademark infringement under 15 U.S.C. § 1114 and are in willful and wanton disregard of Plaintiffs' established and superior rights.

37. As a result of DPC's unlawful actions, Plaintiffs have suffered commercial harm.

38. Plaintiffs have also been, and continue to be, harmed irreparably by DPC's unlawful actions and Plaintiffs have no adequate remedy at law.

## VI. THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

39. Plaintiffs incorporate and reallege paragraphs 1-38 as though fully set forth herein.

40. DPC's actions as described above have caused and are likely to cause confusion with Plaintiffs' established and superior trademark rights in and to LING and LING ELECTRONICS and otherwise unfairly compete with Plaintiffs. As such, DPC's actions constitute unfair competition and trademark infringement under Colorado common law.

41. DPC's unlawful actions were committed with willful and wanton disregard for Plaintiffs' superior rights.

42. As a result of DPC's unlawful actions, Plaintiffs have suffered commercial harm.

43. Plaintiffs have also been, and continue to be, harmed irreparably by DPC's unlawful actions and Plaintiffs have no adequate remedy at law.

### VII.     FOURTH CLAIM FOR RELIEF
### (Violation of the CCPA)

44. Plaintiffs incorporate and reallege paragraphs 1-43 as though fully set forth herein.

45. By its actions described above, DPC has engaged in deceptive trade practices, as defined by the Colorado Consumer Protection Act ("CCPA"), C.R.S. §§ 6-1-105.

46. DPC's wrongful actions were committed with willful and wanton disregard of the laws of the state of Colorado and Plaintiffs' superior rights.

47. As a result of DPC's unlawful actions, Plaintiffs have suffered commercial harm.

48. Plaintiffs have been and will continue to be harmed irreparably by DPC's unlawful actions and Plaintiffs have no adequate remedy at law.

## VIII. FIFTH CLAIM FOR RELIEF
(Misappropriation of Business Values)

49. Plaintiffs incorporate and reallege paragraphs 1-48 as though fully set forth herein.

50. Plaintiffs have, through the expenditure of time, effort and money, acquired substantial business values in and to LING and LING ELECTRONICS. These names are thus protectable business values of Plaintiffs.

51. DPC has taken, without compensation to Plaintiffs, one or more of their protectable business values.

52. As a result of DPC's unlawful actions, Plaintiffs have suffered commercial harm.

53. DPC's wrongful actions were committed with willful and wanton disregard of the laws of the State of Colorado.

## IX. SIXTH CLAIM FOR RELIEF
(Unjust Enrichment)

54. Plaintiffs incorporate and reallege paragraphs 1-53 as though fully set forth herein.

55. DPC has received benefits at Plaintiffs' expense by marketing ED shaker and related testing equipment under the names LING and LING ELECTRONICS.

56. Plaintiffs have suffered damages as a result of DPC's conduct and are entitled to, *inter alia*, actual economic damages and other consequential damages and interest for DPC's unjust enrichment, all in amounts to be proven at trial.

57. It would be inequitable for DPC to retain the benefits conferred by Plaintiffs to DPC without payment.

## X. SEVENTH CLAIM FOR RELIEF
**(Infringement of California Trademark Registration)**

58. Plaintiffs incorporate and reallege paragraphs 1-57 as though fully set forth herein.

59. QC owns a valid California trademark registration for the mark LING ELECTRONICS.

60. DPC has willfully infringed upon QC's California trademark registration by unauthorized use of the mark LING ELECTRONICS and thus causing marketplace confusion.

61. As a result of DPC's unlawful actions, QC has suffered commercial harm.

62. DPC's wrongful actions were committed with willful and wanton disregard of the laws of the State of California or the preexisting rights of QC.

63. QC has been and will continue to be harmed irreparably by DPC's unlawful actions and has no adequate remedy at law.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment in its favor and against DPC as follows:

A. That the Court declare Plaintiffs to be the true, proper and only owners of protectable trademark and service mark rights in and to the marks LING and LING ELECTRONICS for use on or in connection with ED shaker and related testing equipment, parts therefore and services related thereto;

B. That DPC, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary corporations or other related entities, and any and all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1) any further use of Plaintiffs' LING and LING ELECTRONICS trademarks or any other mark which is confusingly similar thereto in connection with the advertising or sale of electronic shaker testing and related equipment;

(2) directly or indirectly using Plaintiffs' LING and LING ELECTRONICS trademarks or any confusingly similar mark or material, either alone or in combination with other marks, symbols or trade dress;

(3) any further use of Plaintiffs' LING and LING ELECTRONICS trademarks or any element thereof, in connection with the marketing or sale of electronic shaker testing and related equipment;

(4) performing any action or using any name, mark, symbol, imagery or slogan which is likely to cause confusion or mistake, or to deceive or otherwise mislead the trade and/or the public into believing that Plaintiffs and DPC are one and the same, or in some way connected, or that Plaintiffs are the sponsor of DPC, or that DPC is in some manner affiliated or associated with, or under the supervision or control of, Plaintiffs, or that DPC's services originate with Plaintiffs, or are connected or offered with the approval, consent, authorization, or under the supervision of Plaintiffs;

(5) manufacturing, marketing or selling any product or material containing or utilizing Plaintiffs' intellectual property and/or business values; or

(6) any other conduct constituting unfair competition with or misappropriation of Plaintiffs' property or values;

C. That DPC be ordered to deliver up to Plaintiffs for destruction, or certify destruction of, all products that contain Plaintiffs' LING and LING ELECTRONICS trademarks

used in connection with the manufacture, marketing or sale of electronic shaker testing and related equipment;

   D. That DPC be ordered to file with the Court and serve on Plaintiffs, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which DPC have complied with any ordered injunction;

   E. That DPC pay Plaintiffs a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing confusion resulting from DPC's unauthorized use of Plaintiffs' LING and LING ELECTRONICS trademarks;

   F. That Plaintiffs be awarded damages in an amount to be determined at trial;

   G. That the Court declare Plaintiffs to be the sole and exclusive owners of the LING and LING ELECTRONICS trademarks;

   H. That Plaintiffs be awarded treble actual damages and attorneys' fees;

   I. That Plaintiffs be awarded pre-judgment and post-judgment interest;

   J. That Plaintiffs be awarded costs and expenses incurred in prosecuting this action, including expert witness fees and attorney's fees; and

   K. That such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

## XII. DEMAND FOR JURY

Plaintiffs requests a jury on all issues so triable.

Respectfully submitted,

Dated:  December 21, 2007         By:  s/ Robert R. Brunelli
                                              Robert R. Brunelli
                                                    rbrunelli@sheridanross.com
                                             Sabrina C. Stavish
                                                    sstavish@sheridanross.com
                                             Paul S. Cha
                                                    pcha@sheridanross.com
                                             SHERIDAN ROSS P.C.
                                             1560 Broadway, Suite 1200
                                             Denver, Colorado  80202-5141
                                             Telephone:    303-863-9700
                                             Facsimile:     303-863-0223
                                             E-mail:          litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFFS
QUALMARK CORPORATION and QUALMARK LING CORPORATION