IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-02665-REB-KLM

QUALMARK CORPORATION, and
QUALMARK LING CORPORATION, both Colorado corporations,

    Plaintiffs,

v.

DATA PHYSICS CORPORATION, a California corporation,

    Defendant.

## ORDER DENYING MOTION TO TRANSFER VENUE

**Blackburn, J.**

The matter before me is **Defendant Data Physics' Motion To Transfer Venue** [#16], filed March 19, 2008. I deny the motion.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question); 1338 (patent, copyright, and trademark cases), and 1367 (supplemental jurisdiction of state law claims).

## II. STANDARD OF REVIEW

Section 1404(a) contemplates that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court is vested with considerable discretion in determining whether transfer is appropriate. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515

(10th Cir. 1991). Factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id*. at 1516 (quoting **Texas Gulf Sulphur Co. v. Ritter**, 371 F.2d 145, 147 (10th Cir. 1967)). The movant bears the burden of establishing that the existing forum is inconvenient. *Id*. at 1515. This is a heavy burden, **Texas Gulf Sulphur Co.**, 371 F.2d at 148, "'and unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed,'" **Scheidt v. Klein**, 956 F.2d 963, 965 (10th Cir. 1992); *see also Cargill Inc. v. Prudential Insurance Co. of America*, 920 F.Supp. 144, 146 (D. Colo. 1996).

### III. ANALYSIS

This case involves the alleged infringement of a trademark in the name "LING ELECTRONICS" as used in connection with electronics-designed and manufactured vibration test equipment, known as "ED shakers." Plaintiffs were granted a trademark registration in the mark under California state law in March, 2006. That same month, plaintiffs filed an application for federal trademark protection with the United States Patent and Trademark Office. After the application was allowed and published, defendant, which had distributed ED shakers bearing the "LING ELECTRONICS" mark

under an agreement with plaintiffs' predecessor-in-interest prior to 2005, filed a notice of opposition to the application.

By this lawsuit, plaintiffs seek a declaration of trademark ownership and assert affirmative claims under federal, California, and Colorado law for trademark infringement, as well as claims under the Colorado Consumer Protection Act and Colorado state common law. Defendant seeks to have the case transferred to the United States District Court for the Northern District of California, alleging that the convenience of the parties and witnesses and the interests of justice will be served thereby.

I am not persuaded. Defendant relies principally on its contention that issues of California law will predominate in this lawsuit and therefore that a California court is better suited to resolve the dispute. This argument overstates both the role of California law in this law suit and the uniqueness of California law in relation to trademarks in general. Not all – indeed, not even a majority – of plaintiffs' claims hinge on the validity *vel non* of the California trademark. Yet even if they did, defendant makes no effort to show that California trademark law is appreciably different from federal trademark law. Nor does it appear that it is. **See Dreamwerks Production Group, Inc. v. SKG Studio**, 142 F.3d 1127, 1129 n.2 (9th Cir. 1998). The federal district courts of Colorado, like the federal district courts of California, have intimate familiarity with the standards that govern resolution of such claims. The trademark law of California, therefore, is not really so "foreign" to this court as to raise the concerns noted in **Gulf Oil Corp. v.**

3

***Gilbert***, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 67 S.Ct. 839 (1947).[1]

Moreover, none of the other relevant factors weighs in favor of transfer, much less heavily so. Although the convenience of witnesses and the ability to compel the testimony of unwilling witnesses is the most heavily weighted factor in the analysis, **see Cook v. Atchison, Topeka & Santa Fe Railway Co.**, 816 F.Supp. 667, 669 (D. Kan. 1993), that consideration does not clearly favor California as a more convenient venue, as only one of the key, non-party witnesses identified in discovery is located there.[2] Defendant's further invocation of unnamed, anticipated, possible other witnesses, who may (or may not) have knowledge of the trademark's history or other acts of infringement and may (or may not) be located in California, is far too vague and conclusory to support a conclusion that transfer is warranted. **See Texas Gulf Sulphur Co.**, 371 F.2d at 148 (movant for 1404(a) transfer will not carry its burden by conclusory assertions about inconvenience of witnesses, but must set forth identity and proposed testimony of witnesses demonstrating that their testimony will be material). Defendant's other argument regarding the relative costs of prosecuting the case is similarly unsubstantiated and insufficient to meet its heavy burden of proof.[3]

---

[1] Moreover, the Court in **Gulf Oil** specifically noted that "[t]here is an appropriateness . . . in having the trial of a *diversity* case in a forum that is at home with the state law that must govern the case." **Gulf Oil Corp.**, 67 S.Ct. at 843 (emphasis added). As jurisdiction in this case is based on the presence of a federal question, not on diversity, and, thus, the controversy is not as "localized" as defendant's argument suggests.

[2] Although defendant has identified several California-based employees as potential witnesses, the location of these witnesses is of little relevance, as their attendance at trial can be compelled. **See Glass v. S & M NuTec, LLC**, 456 F.Supp.2d 498, 503-04 (S.D.N.Y. 2006); **Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER**, 441 F.Supp.2d 786, 793 (E.D. Tex. 2006).

[3] To the extent that the existence of a parallel suit in California was ever a relevant or proper consideration for purposes of this motion, that factor now has been eliminated from the analysis with the dismissal of the California lawsuit. (**See Notice of Judge Chesney's Order Dismissing Data Physics**

Ultimately, a transfer in this case would do little more than shift the balance of inconvenience from defendant to plaintiffs. Transfer is not appropriate under such circumstances. *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992); *Michaels v. Union Pacific Railroad Co.*, 2007 WL 1832109 at *2 (D. Colo. June 22, 2007).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Data Physics' Motion To Transfer Venue** [#16], filed March 19, 2008, is **DENIED**; and

2. That defendant's **Motion for Leave To File Response to Plaintiffs' Notice [Doc. 35] Regarding Judge Chesney's Order Dismissing Data Physics Corporation's California Action** [#36], filed May 22, 2008, is **DENIED AS MOOT**.

Dated September 26, 2008, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**

---

**Corporation's California Action in Further Support of Plaintiff's Opposition [Doc. No. 24] to Defendant's Motion To Transfer [Doc. No. 16] [#35], filed May 21, 2008.)**